# STATE OF CONNECTICUT *v.* ROBERT H.*
## (SC 19841)

Palmer, McDonald, Robinson, D'Auria, Mullins,
Kahn and Vertefeuille, Js.**

*Syllabus*

Convicted of two counts of the crime of risk of injury to a child, and
found to be in violation of his probation, the defendant appealed to
the Appellate Court from the trial court's judgments, claiming that his
conviction on one of the two risk of injury counts violated the corpus
delicti rule insofar as statements that he had made to the police were
the only evidence that he committed the misconduct giving rise to his

---

[5] In light of the critical nature of Allain's testimony, I do not find persuasive
the state's passing mention in its brief that the evidence of the defendant's
guilt was overwhelming, making any error harmless.

* In accordance with our policy of protecting the privacy interests of the
victims of the crime of risk of injury to a child, we decline to use the
defendant's full name or to identify the victim or others through whom the
victim's identity may be ascertained. See General Statutes § 54-86e.

** The listing of justices reflects their seniority status on this court as of
the date of oral argument.

State *v.* Robert H.

conviction on that count. The Appellate Court affirmed the trial court's judgments, concluding that, because corpus delicti is an evidentiary rule, the defendant's claim was unreviewable on the ground that he failed to raise the corpus delicti issue or challenge the admissibility of his statements at trial. On the granting of certification, the defendant appealed to this court, claiming, inter alia, that the Appellate Court incorrectly concluded that corpus delicti is a rule of admissibility and, therefore, that his claim was unreviewable. *Held* that the resolution of the defendant's appeal was controlled by this court's decision in *State* v. *Leniart* (333 Conn. 88), in which the court concluded that the corpus delicti rule is a hybrid evidentiary-substantive rule that implicates a defendant's fundamental right not to be convicted in the absence of evidence sufficient to establish every essential element of the charged crime beyond a reasonable doubt and that even unpreserved corpus delicti claims are reviewable on appeal; accordingly, this court reversed the Appellate Court's judgment and remanded the case to that court for full consideration of the merits of the defendant's corpus delicti claim.

Argued May 2, 2018—officially released September 10, 2019

*Procedural History*

Substitute information, in the first case, charging the defendant with three counts of the crime of risk of injury to a child and two counts of the crime of sexual assault in the first degree, and information, in the second case, charging defendant with violation of probation, brought to the Superior Court in the judicial district of Hartford, where the first case was tried to the jury before *Suarez, J.*; verdict of guilty of two counts of risk of injury to a child; thereafter, the defendant was presented to the court in the second case on a plea of guilty; judgments in accordance with the verdict and the plea, from which the defendant appealed to the Appellate Court, *Lavine* and *Sheldon, Js.*, with *Flynn, J.*, dissenting, which affirmed the trial court's judgments, and the defendant, on the granting of certification, appealed to this court. *Reversed*; *further proceedings*.

*Glenn W. Falk*, assigned counsel, with whom, on the brief, was *Robert M. Black*, for the appellant (defendant).

*Bruce R. Lockwood*, senior assistant state's attorney, with whom, on the brief, were *Gail P. Hardy*, state's

State *v.* Robert H.

attorney, *John F. Fahey*, senior assistant state's attorney, and *Lisa Herskowitz*, former senior assistant state's attorney, for the appellee (state).

*Opinion*

PER CURIAM. The common-law corpus delicti rule "prohibits a prosecutor from proving the [fact of a transgression] based solely on a defendant's extrajudicial statements." (Internal quotation marks omitted.) *State* v. *Leniart*, 333 Conn. 88, 97,　　　A.3d　　　(2019). Following a jury trial, the defendant in the present case, Robert H., was convicted of two counts of risk of injury to a child, in violation of General Statutes § 53-21 (a) (1), arising from two alleged incidents of sexual misconduct.[1] On appeal, he argued before the Appellate Court that the only evidence that he committed the second alleged act of misconduct were statements he made to the police and, therefore, that his conviction on that count violated the corpus delicti rule. Because the defendant did not raise the corpus delicti issue or challenge the admissibility of his statements at trial, and because the Appellate Court was of the view that corpus delicti is merely an evidentiary rule that must be raised at trial to be reviewable on appeal, that court concluded that his claim was unreviewable.[2] *State* v. *Robert H.*, 168 Conn. App. 419, 422, 146 A.3d 995 (2016). We granted

[1] The jury found the defendant not guilty of three other charges that are not at issue in this appeal. Following the jury verdict, the defendant admitted that he had violated his probation in violation of General Statutes § 53a-32. Thereafter, the court sentenced the defendant on all three charges to a total effective term of twenty years incarceration: ten years, concurrently, on each count of risk of injury, and ten years, consecutively, on the violation of probation. The facts and procedural history of this case are set forth in full in the opinion of the Appellate Court. See *State* v. *Robert H.*, 168 Conn. App. 419, 421–27, 146 A.3d 995 (2016).

[2] In a dissenting opinion, Judge Flynn opined that (1) corpus delicti claims implicate a defendant's substantive due process rights and, therefore, are reviewable on appeal even if not preserved at trial, and (2) the evidence presented at trial was not sufficient to corroborate the reliability of the defendant's confession as to a second incident of sexual misconduct. See *State* v. *Robert H.*, 168 Conn. App. 419, 435–38, 146 A.3d 995 (2016).

State *v.* Robert H.

certification, limited to the following question: "Did the Appellate Court properly conclude that the corpus delicti rule is merely a rule of admissibility, in determining that there was sufficient evidence to sustain the defendant's second conviction of risk of injury to a child in violation of . . . § 53-21 (a) (1)?" *State* v. *Robert H.*, 323 Conn. 940, 151 A.3d 845 (2016).

In a companion case that we decide today, we answer that question, concluding that our corpus delicti rule is a hybrid evidentiary-substantive rule that implicates a defendant's fundamental right not to be convicted in the absence of evidence sufficient to establish every essential element of the charged crime beyond a reasonable doubt, and, therefore, even unpreserved corpus delicti claims are reviewable on appeal. See *State* v. *Leniart*, supra, 333 Conn. 110. Accordingly, we reverse the judgment of the Appellate Court and remand the case to that court for full consideration of the merits of the defendant's corpus delicti claim.[3]

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings in accordance with this opinion.

---

[3] We recognize that, in a footnote, the Appellate Court majority opined that, had the defendant raised his corpus delicti challenge at trial, that challenge would have failed. See *State* v. *Robert H.*, supra, 168 Conn. App. 430–31 n.10 ("[T]here is substantial evidence tending to corroborate the trustworthiness of the defendant's statements admitting to having [violated § 53-21 (a) (1)] at least twice. . . . Against this background, had the admissibility of the confession been challenged at trial under the [corpus delicti] rule, that challenge would surely have failed. Even if [the victim's] trial testimony and the state's forensic evidence only furnished direct corroboration of the corpus delicti of one crime of risk of injury based upon the defendant's admitted [sexual misconduct], such partial corroboration of his entire statement, under circumstances where he was clearly acting against his own penal interest, undoubtedly tended to produce a confidence in the truth of the other part of the confession." [Citations omitted.]). Nevertheless, we think the Appellate Court should be afforded the opportunity, in the first instance, to fully consider the merits of the defendant's claim in accordance with the standards that we have articulated in *Leniart*.